Concurring Opinion.
Miller, J.
The defendant contends the lower court erred in permitting the testimony of Lochte to go to the jury as corroborative of that of Sherman, who had testified to the defendant’s guilt. It is urged on us that the corroborative testimony was as to an important point, and had no tendency to sustain any testimony of Sherman as to the guilt of the prisoner. It is, we presume, conceded the testimony received was of that species of corroboration admitted in the case of the ordinary witness whose veracity has been assailed. 1 Greenleaf on Evidence, Sec. 469; 1 Roscoe Criminal Evidence, S. P. 185 and note. Such corroboration is excluded in the case of the accomplice, and that exclusion we applied in the Callahan ease (47 An. 444). 22 Pickering, 397; 127 Mass. 424. The defendant’s contention is, Sherman was an accomplice, and hence the same rule applied in the Callahan case is to be enforced here. It is *1000 insisted the indictment treated Sherman as an accomplice. By this is meant the indictment against defendant charged the bribe was given by Sherman. But this, in our view, did not exclude testimony he was a feigned accomplice. So, again, in portions of the charge Sherman was treated as an accomplice. But it is none the less true, that testimony tending, to show his complicity was only feigned, was submitted to the jury, and, notwithstanding the charge, is can not be denied that the complicity of Sherman, whether feigned or not, was an issue for the jury. It is manifest, that in order to treat Sherman as a guilty accomplice, we must determine the issue of fact, and without such determination, the rule of the Callahan case can not be applied by us. We have no power to deal with the issue of fact. Constitution, Art. 81. My conclusion is, we can not apply a rule of exclusion of testimony, when, as in this case, the application of that rule involves an issue completely withdrawn from our jurisdiction. The difference is obvious between this and the Callahan case. There it was conceded the witness to be corroborated was an accomplice in the fullest sense. The law exacted a certain kind of corroborative testimony and prohibited any other. We enforced the law. Here, the guilty complicity of Sherman is put at issue by argument and testimony laid before the jury. The distinction between the accomplice and feigned complicity is recognized. When a feigned accomplice, the corroboration is not that required to sustain the credit of the ordinary accomplice. 1 Greenleaf, Sec. 882. This disposes, in my opinion, of the defendant’s first bill.
On another point exhibited by the bills, in my view, the Act No. 78 of 1890, as to bribery, is divisible as to the offence of bribery. The party who receives a bribe with the corrupt intent defined in the statute is guilty, irrespective of the intent of the giver. In my view, the statute plainly marks the distinctness of the offences. I think, in this respect, there was no error in the charge of the court.
The other questions arising in the ease are discussed in the opinion of Mr. Justice McEnery.
I concur in the decree.